UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN MARSHALL,

    Plaintiff,

        v.                      CAUSE NO. 3:22-CV-285-JD-MGG

J. BAKER and CARTER,

    Defendants.

OPINION AND ORDER

Shawn Marshall, a prisoner without a lawyer, filed a complaint alleging he was subjected to excessive force and denied medical treatment at the Miami Correctional Facility on February 2, 2022. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Marshall alleges he was returning to his cell as ordered when Officer J. Baker pepper sprayed him in the back and chased him to his cell while continuing to spray him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009)

(internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). There may be a valid reason why Officer Baker sprayed Marshall, but based on the allegations in the complaint, it states an excessive force claim against her.

Once in his cell, Marshall alleges he had difficulty breathing because of his asthma. He alleges he pushed the emergency call button and told Sgt. Carter he could not breath. Five hours later, he says he saw a nurse whom he alleges told him Sgt. Carter did not call medical. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir.

2

2005). Here, it is unclear why the nurse came to his cell five hours after he spoke to Sgt. Carter, but based on the allegations in the complaint, it states a claim against Sgt. Carder for a denial of medical treatment.

For these reasons, the court:

(1) GRANTS Shawn Marshall leave to proceed against Officer J. Baker in her individual capacity for compensatory and punitive damages for using excessive force when she pepper sprayed him in the back and chased him to his cell while continuing to spray him at the Miami Correctional Facility on February 2, 2022, in violation of the Eighth Amendment;

(2) GRANTS Shawn Marshall leave to proceed against Sgt. Carter in her individual capacity for compensatory and punitive damages for denying him medical treatment for five hours after learning he was having difficulty breathing at the Miami Correctional Facility on February 2, 2022, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer J. Baker and Sgt. Carter at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer J. Baker and Sgt. Carter to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 10, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT