UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN MARSHALL,

    Plaintiff,

v.                                      CAUSE NO. 3:22-CV-285-JD-JEM

J. BAKER, et al.,

    Defendants.

OPINION AND ORDER

Shawn Marshall, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Officer J. Baker in her individual capacity for compensatory and punitive damages for using excessive force when she pepper sprayed him in the back and chased him to his cell while continuing to spray him at the Miami Correctional Facility on February 2, 2022, in violation of the Eighth Amendment[.]" ECF 9 at 3. Second, he is proceeding "against Sgt. Carter in her individual capacity for compensatory and punitive damages for denying him medical treatment for five hours after learning he was having difficulty breathing at the Miami Correctional Facility on February 2, 2022, in violation of the Eighth Amendment[.]" *Id.* Sgt. Carter filed a motion for summary judgment, arguing Marshall did not exhaust his administrative remedies before filing this lawsuit. ECF 18.[1] Marshall filed response, which he labeled as a motion to deny Sgt. Carter's summary judgment motion, and Sgt.

---

[1] Officer Baker does not move for summary judgment.

Carter filed a reply. ECF 24, ECF 25. Marshall also filed a motion to add an exhibit. ECF 50. Sgt. Carter's motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis

added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Sgt. Carter provides evidence showing the following: On February 2, 2022, Marshall submitted Grievance 138788, complaining Officer Baker unnecessarily sprayed him with OC spray. ECF 18-4 at 1. The grievance did not mention Sgt. Carter or allege any correctional officer denied him medical treatment after the use of force. *Id.* On February 24, 2022, the grievance office denied Grievance 138788 on its merits. *Id.* at 3. Marshall submitted a Level I appeal to the warden, and the warden denied his appeal. *Id.* at 4-6. Marshall then submitted a Level II appeal to the Department Grievance Manager, which was likewise denied. *Id.* at 7-9. The Grievance Specialist attests that Marshall did not submit any other relevant grievances. ECF 18-1 at 7-8.

Sgt. Carter argues Grievance 138788 does not exhaust Marshall's claim that he denied him medical treatment because the grievance complains only of Officer Baker's

3

use of excessive force and does not allege any denial of medical treatment. ECF 19 at 4-5. Here, Sgt. Carter is correct that Grievance 138788 does not exhaust Marshall's claim that Sgt. Carter denied him medical treatment, as Grievance 138788 complains only of Officer Baker's use of force and does not mention that Sgt. Carter or any other correctional officer denied Marshall treatment. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it). Because Grievance 138788 does not mention Sgt. Carter or allege that Marshall was denied medical treatment, it did not put the prison on notice as to Marshall's claim that Sgt. Carter denied him treatment. *See id.*; *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023) (An inmate's grievance is sufficient to exhaust a claim only if it raises the same claim as the lawsuit and provides enough information to indicate that the defendant is the target).

In his response, Marshall agrees that Grievance 138788 does not exhaust his claim against Sgt. Carter. ECF 24. Instead, he argues he filed a different grievance complaining Sgt. Carter denied him medical treatment and provided the grievance to his counselor, but never received any response from the grievance office. *Id.* However, even accepting as true that Marshall submitted a grievance about Sgt. Carter and never received any response, the undisputed facts show Marshall still had available administrative remedies he did not exhaust. Specifically, the Offender Grievance Procedure provides that, if an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance

4

Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 18-2 at 9; *see Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019) (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance). Because Marshall provides no evidence he contacted the Grievance Specialist regarding the lack of response to his grievance, the undisputed facts show he had available administrative remedies he did not exhaust.

In his motion to add an exhibit, Marshall seeks to submit a copy of a grievance dated February 6, 2022, in which he complained that Sgt. Carter denied him medical treatment. ECF 50-1. The grievance form contains no indication it was ever received by the grievance office. *Id.* But even accepting as true that Marshall submitted this grievance to the grievance office and received no response, he still provides no evidence he complied with the Offender Grievance Process' requirement to notify the Grievance Specialist of the lack of response. Accordingly, the court grants Marshall leave to file this exhibit, but concludes the exhibit does not change the court's determination Marshall had available administrative remedies he did not exhaust before filing this lawsuit.

For these reasons, the court:

(1) GRANTS Marshall's motion to add exhibit (ECF 50)

(2) DENIES Marshall's motion to deny summary judgment (ECF 24);

(3) GRANTS Sgt. Carter's motion for summary judgment (ECF 18);

(4) DISMISSES Sgt. Carter from this action; and

(5) REMINDS the parties this case is now proceeding only on Marshall's remaining claim against Officer J. Baker in her individual capacity for compensatory and punitive damages for using excessive force when she pepper sprayed him in the back and chased him to his cell while continuing to spray him at the Miami Correctional Facility on February 2, 2022, in violation of the Eighth Amendment.

SO ORDERED on August 10, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT